UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81219-CV-MIDDLEBROOKS
CASE NO. 18-81286-CV-MIDDLEBROOKS
CASE NO. 18-81370-CV-MIDDLEBROOKS
CASE NO. 18-81375-CV-MIDDLEBROOKS

MITCH VELASCO,

    Plaintiff,

v.

TIMOTHY J. WHALL et al.,

    Defendants.
_____/

JA HYE MYUNG,

    Plaintiff,

v.

TIMOTHY J. WHALL et al.,

    Defendants.
_____/

MICHAEL SCHEEL,

    Plaintiff,

v.

TIMOTHY J. WHALL et al.,
_____/

BRIAN BRADEL,

    Plaintiff,

v.

TIMOTHY J. WHALL et al.
_____/

## ORDER CONSOLIDATING CASES

THIS CAUSE comes before the Court upon Plaintiffs Mitch Velasco and Ja Hye Myung's Unopposed Motion to Consolidate Related Shareholder Derivative Actions and Establish a Leadership Structure, filed November 9, 2018 in *Mitch Velasco v. Timothy Whall et al.*, Case No. 18-81219-cv-DMM (the "*Velasco* Case"). (*Velasco* Case, DE 13). Plaintiffs seek to consolidate *Ja Hye Myung v. Timothy J. Whall et al.*, Case No. 18-81286-cv-DMM (the "*Myung* Case"), *Michael Scheel v. Timothy J. Whall et al.*, Case No. 18-81370-cv-DMM (the "*Scheel* Case"), and *Brian Bradel v. Timothy J. Whall et al.*, Case No. 18-81375-cv-DMM (the "*Bradel* Case") with the *Velasco* Case, which has a lower case number.

Plaintiffs have filed the Motion to Consolidate pursuant to Federal Rule of Civil Procedure 42(a) because all of the cases are based on common questions of law and fact, involve the same defendants, and are brought as shareholder derivative lawsuits on behalf of ADT, Inc. (*Velasco* Case, DE 13 at 4). Defendants have the same lawyers in all of the cases. Although Plaintiffs have separate counsel, Plaintiffs' counsel has agreed to appoint specific co-lead and liason counsel. (*Id.*)

Rule 42 of the Federal Rules of Civil Procedure states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Furthermore, "district courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). A decision to consolidate cases under Rule 42(a) is discretionary and the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks and citations omitted) (alteration in original). Failure to consolidate these cases would pose risk of inconsistent adjudications in light of the common factual and legal issues raised in both cases. Any prejudice to the Parties caused by consolidation is outweighed by the risk of inconsistent adjudications, as well as the burden on the Parties and judicial resources.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled cases should be consolidated as follows:

(1) Plaintiffs Mitch Velasco and Ja Hye Myung's Motion to Consolidate Related Shareholder Derivative Actions and Establish a Leadership Structure (DE 13) is **GRANTED**.

(2) Laurence M. Rosen of The Rosen Law Firm, P.A. and Timothy W. Brown of The Brown Law Firm, P.C. **SHALL BE CO-LEAD COUNSEL FOR PLAINTIFFS**. Walter J. Mathews of Mathews Giberson LLP **SHALL BE LIASON COUNSEL FOR PLAINTIFFS**.

(3) The Clerk of Court shall **ADMINISTRATIVELY CLOSE** Case No. 18-81286-cv-DMM and **DENY AS MOOT** all pending motions in that matter.

(4) The Clerk of Court shall **ADMINISTRATIVELY CLOSE** Case No. 18-81370-cv-DMM and **DENY AS MOOT** all pending motions in that matter.

(5) The Clerk of Court shall **ADMINISTRATIVELY CLOSE** Case No. 18-81375-cv-DMM and **DENY AS MOOT** all pending motions in that matter.

(6) All future filings shall be made under **Case No. 18-81219-cv-DMM only**.

(7) The Parties are not bound by any scheduling orders from Case Nos. 18-81286-cv-DMM, 18-81370-cv-DMM, or 18-81375-cv-DMM.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 19 day of November, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc: Counsel of Record;
Timothy W. Brown
The Brown Law Firm
240 Townsend Square
Oyster Bay, NY 11771
tbrown@thebrownlawfirm.net;
Walter J. Mathews
Mathews Giberson LLP
200 S. Andrews Ave. – Suite 800
Fort Lauderdale, FL 33301
wjm@mathewsllp.com